Ruffin, Judge.
 

 The case of
 
 Burton v. Dickins,
 
 (3
 
 Murph.
 
 103) was decided expressly on the grounds, that the act of
 
 1773, (Rev. ch.
 
 100) provides for notice to the imprisoning creditor only, and divested the whole of the debtors property. Although -it was deemed just, that every creditor to be affected by bis discharge, should have notice, yet as the Legislature bad, after the adoption of the Constitution, made no regulation to that effect, .and the act of 1773 contained none, the court was obliged to say, that a discharge of the motion, provided under that act, should operate against all creditors; because the debtor might be perpetually imprisoned by successive executions by different creditors, against whom he had no power by the act, of protecting himself. But the act of 1822,
 
 (Taylors Rev. ch.
 
 1131) expressly requires notice and makes the discharge good only as against those to whom it is given. It puts it in the p<iwer of the debt- or to protect himself, if he chooses; and if he will not give notice, it is his default, and not the defect of the law. He is not imprisoned after a surrender of his pro
 
 *372
 
 perty “in such manner as by law shall be regulated.” In this statute, the great principle that every man shall be heard, before his rights are concluded, is enforced.— When the expression “duly discharged” is so emphatically commented on by the counsel, the question is begged. It remains to inquire, against whom ? It is a due discharge as to the parties in
 
 court;
 
 but it is not so, as against those not heard, and excluded from a hearing by the act or omission of the debtor himself. It is plain that an issue is given to “ any creditor” to be affected by the order of discharge ; and that the assignment is of the estate in the schedule only — nothing else is divested out of the debtor ; and every creditor ought to be at liberty to shew that the debtor has kept some back. In fine, the Constitution gives to the Legislature the discretion to regulate the manner in which the debtor shall deliver up his
 
 property;
 
 and their will is conclusive when expressed. It only restrains them from saying, that when delivered up, he shall not be discharged. If a statute therefore takes all away, without providing for a notice to particular creditors, the debtor has a right to say, that he shall not be liable for debts, the means of satisfying which he is deprived of by law, and that the Legislature is bound to authorize a notice to all creditors, or the Constitution binds them without it. But when the law does provide for such notice, there can be no complaint against it; for its omission is the voluntary fault of the debtor himself.
 

 Pee Curiam — Judgment reversed.